IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MISTY L. ARRINGTON, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 3:07cv679-WC |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

Plaintiff Misty L. Arrington (Arrington) applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* (2000) and for supplemental security income benefits under Title XVI, 42 U.S.C § 1381 *et seq.* (hereinafter collectively the Act), alleging she was unable to work because of a disability. Arrington's application was denied at the initial administrative level. Arrington then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  See Chester v. Bowen, 792 F.2d 129,

---

[1]Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #9); Def.'s Consent to Jurisdiction (Doc. #8). Based on the Court's review of the record and the briefs of the parties, the Court REVERSES AND REMANDS the Commissioner's decision.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five step, sequential evaluation process. See 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the *Listing of Impairments*]
> (4) Is the person unable to perform his or her former occupation?

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

(5) Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. Hillsman v. Bowen, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

---

[3]McDaniel v. Bowen, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. See, e.g., Ware v. Schweiker, 651 F.2d 408 (5th Cir. 1981) (Unit A).

Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

### III.   ISSUES

#### A.   *Introduction*

Arrington was thirty-one years old and had a tenth-grade education at the time of the hearing before the ALJ. Tr. at 19, 251. Arrington's prior work experience includes employment as a fast food worker, short order cook, waitress, and machine operator/yarn mill. Tr. at 24, 251. Following the administrative hearing, the ALJ concluded Arrington had several severe impairments and did not possess the residual functional capacity (RFC) to perform any relevant past work, but possessed a RFC to perform jobs existing in significant numbers in the national economy. Tr. at 18-19, 24-25.

#### B.   *Arrington's Claims*

On page 1 of Arrington's brief in support of the Complaint, Arrington generally challenges the ALJ's determination, arguing that decision is unsupported by substantial evidence, and the ALJ applied improper legal standards. As argued, however, Arrington claims the ALJ improperly rejected the opinion of Arrington's long-term treating psychiatrists, Drs. George Henry (Henry) and Scott Andrews (Andrews). See Pl.'s Mem. in Supp. Pl.'s Arg. (Doc. #11) at 1, 7 (hereinafter Pl.'s Br.). In particular, Arrington argues the ALJ "arbitrarily rejected uncontroverted medical testimony" from Drs. Henry and Andrews and "summarized only their most favorable findings." Id. at 7, 8. With respect to Dr. Henry, Arrington argues the ALJ only mentioned two of Dr. Henry's

Global Assessment of Functioning (GAF)[4] scores from their four-year treatment period, even though her scores were consistently lower during treatment. Id. With respect to Dr. Andrews, Arrington claims the ALJ rejected that doctor's opinion on the invalid basis that the opinion was not supported by objective evidence and seemed based on Arrington's subjective complaints. Id. at 8-9 (citing Matthews v. Barnhart, 347 F. Supp. 2d 1093, 1101-02 (M.D. Ala. 2003)). In so doing, Arrington argues the ALJ substituted his opinion for that of Dr. Andrews. Id. at 9. The Commissioner refutes Arrington's contentions, arguing the ALJ's decision was consistent with case law and the agency's regulations. Def.'s Mem. Supp. Comm'r Decision (Doc. #14) at 4-11 (hereinafter Def.'s Br.).

Employing the five step process, the ALJ found Arrington had not engaged in substantial gainful activity at any time relevant to the decision (Step 1). Tr. at 18. At Step 2, the ALJ found Arrington suffered from the following severe impairments: schizoaffective disorder with bipolar features/major depressive disorder with psychosis; panic disorder without agoraphobia; possible post traumatic stress disorder; seizure disorder; gastritis; and obesity. Id. at 18-19. Nonetheless, the ALJ found Arrington did not possess an impairment or combination of impairments that met or equaled the criteria of any listed impairment set forth in the Listing of Impairments (Step 3). Id. at 19. At

---

[4]The Global Assessment of Functioning, or GAF Scale, is a numeric scale that mental health physicians and doctors use to rate the occupational, psychological, and social functioning of adults. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 32 (Text Revision, 4th ed. 2000).

Step 4, the ALJ found Arrington could not perform her past relevant work based upon her RFC. Tr. at 24. Arrington had established her *prima facie* case.

At Step Five, the ALJ evaluated Arrington's RFC, age, education, and work experience, as well as testimony from a vocational expert regarding the availability in significant numbers of other work Arrington could perform in the national economy. Upon consideration of this evidence, the ALJ determined Arrington possessed the RFC to perform jobs that exist in significant numbers in the national economy. Tr. at 24-25. Consequently, the ALJ found Arrington has not been disabled since the alleged onset date. Tr. at 25.

**IV.   DISCUSSION**

The Court now turns to Arrington's arguments concerning Dr. Henry. Arrington maintains the ALJ erred when he arbitrarily only mentioned Arrington's August 2002 GAF score of 63 and her January 2006 GAF score of 55. Arrington maintains she had consistently lower GAF scores throughout her four-year treatment with Dr. Henry. Id. at 7, 8. Although the Commissioner makes no specific argument concerning the GAF scores, he generally argues the ALJ correctly observed Dr. Henry's notes appear to indicate Arrington's condition occasionally declined, but the declines were often associated with Arrington's failure to take her proper medications. Def.'s Br. (Doc. #14) at 6. The Court takes issue with the ALJ's decision.

In McCloud v. Barnhart, the Eleventh Court addressed (among others) the issue of

whether the ALJ properly considered a psychologist's report containing McCloud's GAF score of 45.  166 F. App'x 410, 416 (11th Cir. 2006).  Although the Commissioner conceded the ALJ erred "when he labeled McCloud's . . GAF score [of 45] as reflective of moderate symptoms," instead of "severe impairments," the Commissioner argued the ALJ's error was harmless.  Id. at 418.  Because the Court could not "determine from the record what weight the ALJ placed on the GAF score of 45," it rejected the Commissioner's argument.  On remand, the Eleventh Circuit directed the ALJ to "determine what, if any, weight to place on the score" of 45 "with the knowledge that a GAF score of 45 reflects severe impairments."  Id.  In addition, the Eleventh Circuit found "the ALJ failed to consider McCloud's GAF score of 48 from June 2000, which occurred just days before she filed for [disability] benefits, when determining whether she was disabled."  Id.  Thus, the Eleventh Circuit also remanded the case for the ALJ to consider what weight to accord the June 2000 GAF score.  Id.

In a recent decision from this Court, the undersigned distinguished McCloud, finding the ALJ accurately described the claimant's GAF score, and the Court could reasonably infer from the ALJ's analysis the weight assigned to the claimant's GAF scores.  Smitherman v. Astrue, 2008 U.S. Dist. LEXIS 29933, at *18-22 (M.D. Ala. Apr. 10, 2008).  In Smitherman, after summarizing the consultative examination findings, which included the claimant's GAF score, the ALJ addressed the claimants's psychological complaints.  The ALJ did not find Smitherman's complaints credible, nor

did the ALJ find the claimant's complaints supported by the cumulative record evidence. Because the ALJ clearly stated he considered all record evidence concerning the claimant's psychiatric complaints, the Court could reasonably infer that the ALJ did not find the claimant's low GAF score controlling and afforded that evidence little to no weight, as compared to the record evidence as a whole. The Court also noted the ALJ expressly considered all identified GAF scores in the record.

     Here, as Arrington points out, the ALJ only expressly discussed two GAF scores; on August 16, 2002, Dr. Henry assigned Arrington a GAF score of 63, while on January 5, 2006, Dr. Henry assigned a GAF score of 55. Tr. at 193-95, 202-04. Dr. Henry conducted eight other treatment sessions with Arrington between the period of June 2002 and August 2002 and between November 2005 and April 2006. Tr. at 183-85, 187-204, 206-14. During these sessions, Dr. Henry assigned Arrington GAF scores, all of which were lower than the two expressly discussed in the ALJ's decision. These include: a GAF score of 45 on June 7, 2002; a GAF score of 35 on June 20, 2002; a GAF score of 50 on July 11, 2002; a GAF score of 45 on November 8, 2005; a GAF score of 45 on November 29, 2005; a GAF score of 50 on January 30, 2006; a GAF score of 50 on February 27, 2006; and a GAF score of 40 on April 17, 2006. Tr. at 183-85, 187-192, 196-201, 206-14. Similar to McCloud, the ALJ did not discuss these scores expressly in his decision. Although the ALJ did discuss other observations from Dr. Henry during these sessions in his analysis, nothing in the discussion indicates the ALJ considered the

scores or allows the Court to determine what weight, if any, the ALJ assigned to them. While the undersigned recognizes the ALJ is not required to specifically discuss every piece of evidence in the record, the ALJ must consider the evidence as a whole, including relevant clinical findings.  Cf. Newsome ex rel. Bell v. Barnhart, 444 F. Supp. 2d 1195, 1198 n. 2 (M.D. Ala. 2006) (citing Ogranaja v. Comm'r of Soc. Sec., 2006 WL 1526062, at *3 (11th Cir. 2006) (unpublished) ("We do not require the ALJ to 'specifically refer to every piece of evidence in his decision,' so long as the decision is sufficient to allow us to conclude that the ALJ considered the claimant's medical condition as a whole.") with Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982) (citing Simmons v. Harris, 602 F.2d 1233, 1236 (5th Cir. 1979) (requiring the ALJ to consider the evidence as a whole including objective medical facts or clinical findings).[5]  Because the ALJ's decision does not afford this reviewing Court with sufficient analysis to confirm whether these lower GAF scores were considered, remand is appropriate for further proceedings consistent with this opinion.

## V.  CONCLUSION

The Court has carefully and independently reviewed the record and concludes the decision of the Commissioner is REVERSED and the case REMANDED for further proceedings consistent with this opinion.  A separate order will issue.

---

[5] In light of the above finding, the Court need not reach Arrington's other argument.

DONE this 1st day of May, 2008.

                                                /s/ Wallace Capel, Jr.
                                                WALLACE CAPEL, JR.
                                                UNITED STATES MAGISTRATE JUDGE